## CIRCUIT COURT OF CAROLINE COUNTY

S & D Coffee, Inc.

    v.

K. J.'s Mini Mart

Case No. CL88-39

S & D Coffee, Inc.

    v.

K. J.'s Mini Mart
and Jerry W. Golding

Case No. CL88-40

June 8, 1989

By JUDGE WILLIAM H. LEDBETTER, JR.

S & D Coffee has instituted two suits in this court, one based on contract and the other on fraud. The contract case (CL88-39) is against K. J.'s Mini Mart. The fraud case (CL88-40) is against K. J.'s Mini Mart and Jerry W. Golding. Both suits were filed on March 30, 1988.

In the contract case, the defendant filed a responsive pleading on May 2, 1988, after having been granted an extension of time for such filing. On April 26, 1989, counsel for the defendant was allowed to withdraw. On May 8, 1989, James D. Hundley, Esq., notified the court

and opposing counsel that he would represent the defendant in this matter.

Both defendants filed responsive pleadings in the fraud case on May 2, 1988, after having been granted an extension of time for such filing. On April 26, 1989, counsel for the defendants in the fraud case was allowed to withdraw. On May 8, 1989, James D. Hundley, Esq., notified the court that he had been retained to represent the defendants.

On May 24, 1989, the plaintiff, after proper notice, moved for summary judgment in the contract case. S & D Coffee argued that it had served requests for admission upon the defendant, K. J.'s Mini Mart, in March 1989; that no responses have been filed; that the facts alleged in the requests are therefore admitted; and that these admissions leave no material fact genuinely in dispute, thereby entitling S & D Coffee to summary judgment in its contract case. K. J.'s Mini Mart moved the court for an extension of time to respond to the requests for admission. The requests were offered in evidence by S & D Coffee and, pursuant to Rule 4:11, became part of the record. After arguments, the motion was denied. The motion for summary judgment was taken under advisement.

The truth of any matter set forth in a request for admission is admitted unless the party to whom the request is directed serves a written answer or objection addressed to the matter within 21 days after service of the request. Rule 4:11.

A court does not abuse its discretion in refusing to grant an enlargement of the 21-day response period, where, as here, no response has been forthcoming for more than two months after the requests were served and no plausible excuse is offered for the failure.

Rule 3:18 provides that summary judgment shall be awarded if it appears from the pleadings, orders, *the admission in the proceedings*, etc., that there is no material fact genuinely in dispute. The purpose of the rule is to expedite litigation by bringing to a conclusion those cases in which no trial is necessary because no evidence could affect the result.

Here, K. J.'s Mini Mart has admitted that it is indebted to S & D Coffee for equipment and products and that the amount due and owing is $48,344.59. These admis-

sions fully support the claim made in the motion for judgment; and, because no set-offs are claimed and no counterclaim or other affirmative pleading has been filed by K. J.'s Mini Mart, there is nothing else to litigate in that case.

Accordingly, the motion for summary judgment filed in CL88-39 will be granted in the sum of $48,344.59, plus interest and costs.

The fraud case (CL88-40) remains on the docket and is set for trial without a jury on Wednesday, June 28, 1989, at 2:00 p.m.